UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IDA GARWOOD,<br><br>            Plaintiff,<br><br>     v.<br><br>NOR-CAL PRODUCTS INC., et al.,<br><br>            Defendant. | No. 2:11-cv-01332-MCE-GGH<br><br><br>**ORDER** |

Presently before the Court is a Motion to Dismiss with Prejudice and for Sanctions, filed by Defendant, Nor-Cal Products Inc., on December 3, 2012. (ECF No. 40.) Plaintiff, Ida Garwood, has not submitted an opposition. For the reasons that follow, Defendant's Motion is GRANTED.

On July 12, 2012, Defendant filed a Notice of Settlement advising the Court that the parties had signed a confidential settlement agreement. (ECF No. 34.) On July 16, 2012, the Court issued an Order determining that this case is settled and directing the parties to file dispositional documents by August 30, 2012. (ECF No. 35.) The Court further stated that "[f]ailure to comply with this order may be grounds for the imposition of sanctions on any and all counsel as well as any party or parties who cause non-compliance with this order." (Id.)

///

1

1	"[C]ourts have inherent power summarily to enforce a settlement agreement with
2	respect to an action pending before it." Dacanay v. Mendoza. 573 F.2d 1075, 1078
3	(9th Cir. 1978).  To be enforceable, a settlement agreement must meet two
4	requirements: (1) it must be a "complete" agreement, and (2) the parties must have
5	either agreed to the terms of the settlement or authorized their respective counsel to
6	settle the dispute. Roundtree v. Adams, 2009 WL 790038, at *4 (E.D. Cal. March 23,
7	2009) (citations omitted).  Pursuant to the declaration of Defendant's counsel and the
8	attached redacted copy of the confidential settlement agreement, signed by Plaintiff on
9	July 10, 2012, Plaintiff agreed to release her claims against Defendant and dismiss this
10	action in exchange for Defendant's payment of a confidential settlement sum.
11	(Declaration of Carmen Ruda in Support of Defendant's Motion to Dismiss ("Ruda
12	Decl."), ECF No. 40-1, ¶ 4 & Exs. B, D.)  Accordingly, the parties reached an agreement
13	for complete settlement of the underlying litigation and formalized the terms and
14	conditions of their settlement in a written document which Plaintiff signed.
15	    On July 11, 2012, Defendant delivered the settlement check to Plaintiff, thus
16	discharging its obligations under the agreement.  (Ruda Decl. ¶ 7 & Ex. C.)
17	Subsequently, Defendant's counsel has left several voicemail messages for Plaintiff, and
18	sent Plaintiff several email messages and at least three letters (with pre-paid envelopes
19	included) asking Plaintiff to sign the Request for Dismissal as required by the parties'
20	settlement agreement and this Court's July 16, 2012 Order.  (Id. ¶¶ 9-20.)  However,
21	Plaintiff has never responded to Defendant's counsel and, to date, has not signed the
22	Request for Dismissal.  (Id. ¶¶ 18, 20.)
23	    On January 8, 2013, the Court ordered Plaintiff to file a memorandum with the
24	Court not later than 4:00 p.m. on January 17, 2012, showing cause why this case should
25	not be dismissed with prejudice and why attorney's fees should not be awarded against
26	Plaintiff as requested by Defendant.  (ECF No. 42.)
27	///
28	///

2

In its January 8, 2012 Order, the Court explicitly warned Plaintiff that, if she fails to file such memorandum, the Court will immediately dismiss this case with prejudice and will award attorney's fees requested by Defendant without further notice to Plaintiff and without holding a hearing.  To date, Plaintiff has not filed any memorandum or other response.  Accordingly, pursuant to the Court's January 17, 2012 Order, this action will be dismissed with prejudice.

Further, Plaintiff requests the Court impose monetary sanctions on Plaintiff in the sum of $1,470 which Defendant incurred in attorney's fees in connection with Plaintiff's violation of the settlement agreement and this Court's July 16, 2012 Order.[1]  "When a . . . party has acted 'in bad faith, vexatiously, wantonly, or for oppressive reasons,'' sanctions under the court's inherent powers may take the form of attorney's fees." Primus Automotive Financial Serv., Inc. v. Batarse, 115 F.3d 644, 648 (9th Cir. 1997) (internal citations omitted).  "A party . . . demonstrates bad faith by 'delaying or disrupting the litigation or hampering enforcement of a court order.'" Id. at 649.  Here, Defendant has demonstrated that it met its obligations under the parties' settlement agreement by paying the agreed upon amount to Plaintiff, but Plaintiff has refused to carry her part of the bargain.  The Court can find no justification for Plaintiff's failure to comply with the settlement terms.  Additionally, Plaintiff's failure to sign the Request for Dismissal constitutes a violation of this Court's July 16, 2012 Order, which directed the parties to file dispositional documents by August 30, 2012, and which warned the parties that sanctions would be imposed for non-compliance.  (See ECF No. 35.)  As stated above, Plaintiff has failed to show cause why monetary sanctions should not be awarded against her.  Accordingly, the Court finds that Plaintiff acted in bad faith by refusing to comply with the terms of the parties' settlement agreement and by violating this Court's Order.  Therefore, monetary sanctions against Plaintiff are appropriate.

---

[1] As demonstrated by the declaration of Defendant's counsel, Defendant has spent approximately six hours attempting to contact Plaintiff and preparing Defendant's motion to dismiss.  (Ruda Decl. ¶ 21.)  Defendant's counsel's hourly rate is $245 an hour, (id.), which the Court finds reasonable.  Accordingly, Defendant incurred at least $1,470 in attorney's fees and costs due to Plaintiff's breach of the parties' settlement agreement and this Court's July 16, 2012, Order.

For the reasons stated above, it is hereby ORDERED that:

1. Defendant's Motion to Dismiss and for Sanctions (ECF No. 40) is GRANTED.
2. This action is DISMISSED with prejudice.
3. Plaintiff, Ida Garwood, is ORDERED to pay Defendant, Nor-Cal Products Inc., the sum of $1,470 in attorney's fees within thirty (30) days from the date this Order is electronically filed.
4. The hearing on Defendant's Motion to Dismiss (ECF No. 40) and on the Court's Order to Show Cause (ECF No. 42), currently set for January 24, 2012, is vacated.
5. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: January 22, 2013

_____
MORRISON C. ENGLAND, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT